1  ROBERT H. ROTSTEIN (SBN 72452),
   rxr@msk.com
2  WADE B. GENTZ (SBN 249793),
   wbg@msk.com
3  ERIC S. BOORSTIN (SBN 253724),
   esb@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Plaintiffs

8
9
10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12
13

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; a Delaware limited liability limited partnership; FOCUS FEATURES LLC, a Delaware limited liability company; UNIVERSAL STUDIOS INTERNATIONAL B.V., a Netherlands limited liability company; UNIVERSAL CITY STUDIOS LLLP, a Delaware limited liability limited partnership; PARAMOUNT PICTURES CORPORATION, a Delaware corporation. | CASE NO. CV 08-08478 SVW (JTLx) The Honorable Stephen V. Wilson **CONSENT JUDGMENT** |
| Plaintiffs, | |
| v. | |
| MOVIE6.NET, a business entity of unknown form; ROBERT BOOMER a/k/a TERRY BOOMER a/k/a ROB JOHNSON a/k/a JOE JOHNSON a/k/a JOE J. a/k/a ADAM CHRISTOPHER, an individual, d/b/a MOVIE6.NET; and DOES 2 through 5, inclusive, | |
| Defendants. | |

2535546.1                    CONSENT JUDGMENT

Plaintiffs Universal City Studios Productions LLLP, Focus Features LLC, Universal Studios International B.V., Universal City Studios LLLP, and Paramount Pictures Corporation (collectively, "Plaintiffs"), and Defendants Movie6.net and Robert Boomer (collectively, "Defendants"), having entered into a Stipulation for Entry of Judgment and the Court having entered an Order thereon,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Defendants have engaged in contributory copyright infringement and inducement of copyright infringement by actively searching for, identifying, collecting, posting, organizing, indexing, and posting on their website (www.movie6.net) links to infringing material, which has been posted on third-party websites.

2. Defendants are liable for damages to Plaintiffs in the amount of One Million, One Hundred and Fifty Thousand Dollars ($1,150,000).

3. Defendants and their agents, servants, employees, representatives, assigns, licensees, transferees, and all those acting in concert with Defendants, at their direction or within their control (collectively, "Defendants"), shall, whether in the United States, Canada, or any other country:

(a) immediately and permanently cease and desist from operating Movie6.net, except as otherwise provided for in Paragraph 5;

(b) immediately and permanently cease and desist from operating any website that is substantially similar to Movie6.net; and

(c) immediately and permanently cease and desist from (i) directly, indirectly, contributorily, or vicariously infringing in any manner, or (ii) enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, or persuading infringement in any matter, any copyright in any and all motion pictures, television programs, and other copyrighted works (or portions thereof), whether now in existence or later created, in which

any Plaintiff (including its parents, subsidiaries, or affiliates) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) or pursuant to copyright laws of Canada or other countries or territories, or any exclusive license thereto (the "Copyrighted Works"), including, but not limited to, engaging in any of the following without express written authority or license from the appropriate Plaintiff:

    (1)    copying, reproducing, downloading, distributing, uploading, or linking to, any of the Copyrighted Works;

    (2)    transmitting, streaming, performing in public, or communicating to the public by telecommunication, any of the Copyrighted Works;

    (3)    enabling, facilitating, permitting, assisting, soliciting, encouraging, inducing, or persuading any person or entity to copy, reproduce, download, distribute, upload, link to, transmit, stream, perform in public, or communicate to the public by telecommunication or publicly perform any of the Copyrighted Works;

    (4)    profiting or benefiting from the unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or public performance of any of the Copyrighted Works while declining to exercise a right to stop or limit such unauthorized copying, reproduction, downloading, distribution, uploading, linking to, transmission, or streaming, performing in public, or communicating to the public by telecommunication any of the Copyrighted Works; and/or

    (5)    participating in any affiliate marketing or advertising program (or any similar program designed to drive or refer user traffic to Internet websites), including but not limited to such programs

2535546.1

     offered by ClickBank.com and Marketbay.com, involving any Internet website that enables, facilitates, permits, assists, solicits, encourages, abets, promotes, profits from, or induces the copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or public performance of any of the Copyrighted Works.

 (d) if necessary, shall cease to operate or assist in the operation of, and will not profit or benefit from, any website known or suspected by Defendants to be engaging in authorizing, inducing, encouraging, aiding or abetting, or materially contributing to infringement of any of the Copyrighted Works;

 (e) shall not operate or, provide links to, assist or participate in any way in the operation of, or in any way profit or benefit from, any website that enables, facilitates, permits, assists, solicits, encourages, or induces the copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or streaming, performing in public, or communicating to the public by telecommunication any of the Copyrighted Works, unless and until Defendants have obtained all necessary prior written authority or license for such Copyrighted Works from the appropriate Plaintiff.

 4. This injunction shall not apply to any Copyrighted Works for which Defendants have obtained an appropriate written license from the Plaintiff that owns or controls the rights to such work, to the extent such license remains in force and valid.

 5. Defendants shall destroy all digital files representing any Copyrighted Works that are currently in their possession, custody, or control, except for Copyrighted Works for which Defendant has obtained an appropriate written license from the Plaintiff that owns or controls the rights to such work, to the extent such license remains in force and valid. Defendants shall provide Plaintiffs

1 with a sworn statement within twenty-one days after the entry of the Consent
2 Judgment certifying their compliance with this provision.

3      6.     Absent the prior written consent of Plaintiffs or their designee,
4 Defendants shall not publicly release, distribute, sell, transfer or give away, for
5 consideration or otherwise, any software, source code, object code, technology,
6 domain name(s), trademark(s), brand(s), goodwill or any other property of any
7 kind, in whole or in part, which is in any way related to http://www.movie6.net,
8 including without limitation, by posting such materials on an internet web page or
9 by offering such materials over any peer-to-peer or file-trading network or any
10 other medium.

11      7.     Defendants irrevocably and fully waive notice of entry of the Consent
12 Judgment and notice and service of the entered Consent Judgment and understand,
13 confirm, and agree that violation of the Consent Judgment will expose Defendants
14 to all penalties provided by law, including contempt of Court.

15      8.     Defendants irrevocably and fully waive any and all rights to appeal
16 the Consent Judgment, to have it vacated or set aside, to seek or obtain a new trial
17 thereon, or otherwise to attack in any way, directly or collaterally, its validity or
18 enforceability, with the limited exception that Defendants are permitted to attack
19 the enforceability of the Consent Judgment solely by contesting the limited and
20 narrow issue of whether Defendants did or did not violate the terms of the Consent
21 Judgment or the parties' separately executed Settlement Agreement.
22 Notwithstanding the above, even in that limited exception, Defendants may not (a)
23 contend that the Consent Judgment or the Settlement Agreement should be vacated
24 or set aside in whole or in part or (b) seek or obtain a new trial on the Consent
25 Judgment.

26      9.     Nothing contained in the Consent Judgment shall limit the right of
27 Plaintiffs to seek relief, including without limitation, damages, for any and all
28

4
CONSENT JUDGMENT

2535546.1

infringements by Defendants of the Copyrighted Works occurring after the date Defendants execute the Stipulation for Entry of Judgment.

10. This Consent Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

11. The Court finds there is no just reason for delay in entering this Consent Judgment and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Consent Judgment against Defendants.

12. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Judgment.

Dated: January 28, 2010

_____
The Honorable Stephen V. Wilson
United States District Judge


Submitted by:

DATED: January 27, 2010

ROBERT H. ROTSTEIN
WADE B. GENTZ
ERIC S. BOORSTIN
MITCHELL SILBERBERG & KNUPP LLP


By: /s/ Wade B. Gentz
    Wade B. Gentz
    Attorneys for Plaintiffs